Matter of Muhamad Omar W. (Jessica W.) (2021 NY Slip Op 07533)





Matter of Muhamad Omar W. (Jessica W.)


2021 NY Slip Op 07533


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Docket No. B-43917/16 Appeal No. 14903-14903A Case No. 2020-01370 

[*1]In the Matter of Muhamad Omar W., a Child Subject of a Termination of Parental Rights etc., Jessica W., Respondent-Appellant, Little Flower Children and Family Services et al., Petitioners-Respondents.


Daniel R. Katz, New York, for appellant.
Carrieri & Carrieri, P.C., Saint James (Ralph R. Carrieri of counsel), for respondents.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about January 29, 2020, which, upon a finding that respondent mother was mentally ill as defined in Social Services Law § 384-b(6), terminated her parental rights to the subject child and transferred custody of the child to the Commissioner for the Administration for Children's Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs. Appeal from order of protection, same court and Judge, entered on or about January 29, 2020, which directed respondent to stay away from the child and his foster parents until April 24, 2020, unanimously dismissed, without costs, as moot.
Petitioner established by clear and convincing evidence that respondent is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for her child (see Social Services Law § 384-b[3][g][i], [4][c], [6][a]; Matter of Thaddeus Jacob C. [Tanya K.M.], 104 AD3d 558 [1st Dept 2013]). The evidence includes a report and testimony by a court-appointed psychologist who, after examining respondent and reviewing medical and other records, opined that she suffers from a mental illness, primarily borderline personality disorder, that occurs with aggressive behavior, and that, as a result, if the child were returned to her care he would be in danger, now and in the foreseeable future, of becoming a neglected child (see Social Services Law § 384-b[6]; Matter of Savannah Love Joy F. [Andrea D.], 110 AD3d 529 [1st Dept 2013], lv denied 22 NY3d 858 [2014]).
We have considered respondent's remaining arguments, to the extent preserved, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021